UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    GREAT LAKES PROPERTIES                     Case No. 14-30332-dof
    OF FENTON, LLC,                               Chapter 11 Proceeding
        Debtor.                                      Hon. Daniel S. Opperman
_____/
MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,
        Plaintiff,

v.                                                                  Adversary Proceeding
                                                                   Case No. 14-3172-dof

RAAD ASMAR, THIKRA ASMAR, and
JIMMY ASMAR, Jointly and Severally,
        Defendants.
_____/

OPINION REGARDING PLAINTIFF'S MOTION FOR COMFORT ORDER
(DOCKET NO. 108) AND CLARIFYING AUGUST 3, 2015, OPINION (DOCKET NO. 96)

       The Plaintiff, Michigan Department of Environmental Quality, makes two claims against the Defendants, Raad Asmar, Thikra Asmar, and Jimmy Asmar. The first is a "piercing of the corporate veil" claim and the second is an equitable subordination claim against Defendant, Thikra Asmar. All parties filed Motions for Summary Judgment and the Court issued an Opinion on August 3, 2015, denying in part and granting in part the Plaintiff's Motion. In particular, the Court granted the Plaintiff's Motion as to the viability of its theory against the Defendant, Thikra Asmar, as to the equitable subordination claim, but left the issue of the amount of the subordination open because additional proofs were necessary. As for the piercing of the corporate veil claim, the Court concluded that this claim would be more properly heard by the state courts. The Court granted Defendant Jimmy Asmar's Motion for Summary Judgment as to the equitable subordination claim.

1

Subsequently, the Plaintiff filed a Motion for Comfort Order allowing it to proceed in the state court to, as it turns out, initiate a piercing of the corporate veil claim against the Defendants. All Defendants responded to this Motion. Separately, in the parent case, the Debtor filed a Motion to Compel Mediation because the Debtor concluded that some sort of alternative dispute resolution was appropriate for this case.

The Court has heard oral arguments regarding all of these Motions, the most recent hearing being held on December 2, 2015. At the December 2, 2015, hearing, all Defendants noted that the basis of this Court's August 3, 2015, decision regarding the piercing of the corporate veil claim should be revisited. In particular, each Defendant pointed out that the Plaintiff consented to this Court's jurisdiction and authority to hear the piercing of the corporate veil claim and, although each Defendant initially questioned or contested the Court's jurisdiction to hear the piercing of the corporate veil claim, each Defendant in the Rule 26 Report consented to this Court entering a final order. Accordingly, the Defendants now argue that the United States Supreme Court decision in *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015), is met and that this Court has jurisdiction by way of consent of the parties.

At the December 2, 2015, hearing, the Plaintiff disagreed with the assessment of the Defendants and urged this Court to allow the Plaintiff to take the one claim, namely the piercing of the corporate veil claim, and initiate a proceeding in state court to process that claim.

The Defendants and the Debtor argue that the nature of the claims in this adversary proceeding and the Debtor's chances of rehabilitation and reorganization are inextricably intertwined. The Debtor cannot go forward with a reorganization plan until issues regarding the equitable subordination claim by the Plaintiff are resolved. Moreover, the Debtor cannot ask Raad

2

Asmar and Thikra Asmar to continue to operate and fund its operations without some sort of knowledge of how the Chapter 11 process will be completed. Likewise, the Plaintiff acknowledges that there is a distinct possibility that inconsistent decisions can be made by this Court and the state court. Moreover, the delays in waiting for one Court to act and then another is neither efficient nor a good use of the litigants' resources, much less judicial resources.

The Court sees merit in the Defendants' arguments, up to a point. While equitable subordination is clearly a bankruptcy concept codified in 11 U.S.C. § 510, piercing the corporate veil is related to, but not identical to, equitable subordination. Some, perhaps many, but certainly not all, facts supporting equitable subordination would also be considered in a piercing of the corporate veil cause of action.

The Court concluded in its August 3, 2015, Opinion, that it would not be proper for this Court to hear the piercing of the corporate veil claim. This Court still considers that Opinion to be correct at the time it was made. Since August 3, 2015, however, certain facts have changed. First, the *Wellness* decision has generated much commentary and some case law strongly suggesting that bankruptcy courts should not shy away from hearing disputes such as this. This is especially true where, as here, all parties have consented to the Court's jurisdiction and the entry of an order determining the claims raised by the parties. That is certainly the case here and was not fully weighed by the Court in its August 3, 2015, decision.

Second, the Debtor's request for mediation raises a practical point and possible alternative resolution for the dispute in which the Plaintiff, the Defendants, and the Debtor find themselves. At this point in time, all responsible and active parties are in one Court, namely this Court. If this Court were to allow the piercing of the corporate veil claims to be heard in state court, the parties

3

would once again be separated and the claim bifurcated with delay.  There is no justifiable reason for such a bifurcation at this stage of the proceedings.

Finally, the Court is mindful of the direction given by Chief Justice Roberts in his 2015 Year-End Report on the Federal Judiciary.  In this Report, the Chief Justice urges that all federal courts, including the bankruptcy court, must be more proactive and address the needs of the population to arrive at a just and efficient resolution of claims.  In this spirit, this Court cannot lightly brush aside the arguments made by the Defendants and bifurcate these claims.

Accordingly, the Court reconsiders a portion of its August 3, 2015, Opinion and holds that for the time being the piercing of the corporate veil claim should not be remanded to the state court, but instead should remain in this Court for future determination.  The Court will enter an order contemporaneously with this Opinion.

**Not for Publication**

**Signed on February 25, 2016**

                                             **/s/ Daniel S. Opperman**
                                             **Daniel S. Opperman**
                                             **United States Bankruptcy Judge**