# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-FLINT

IN RE:

GREAT LAKES PROPERTIES
OF FENTON, LLC,

                     Debtors,

_____/

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

                     Plaintiff,

v.

RAAD ASMAR, THIKRA ASMAR,
And JIMMY ASMAR,

                     Defendants.

_____/

Chapter 7
Case No. 14-3332-dof
Honorable Daniel S. Opperman

**Adv. Proc. Case No. 14-3172-dof**
**Honorable Daniel S. Opperman**

## ORDER DISPOSING OF ADVERSARY PROCEEDING

The Plaintiff, Michigan Department of Environmental Quality, filed this adversary proceeding on October 8, 2014 and amended its complaint on January 28, 2015. Following nearly two days of mediation, the parties reached a handwritten settlement agreement. The enforceability and the terms of that agreement were then presented to this Court for consideration, the parties being unable to agree on an Order regarding the agreement.

The Court has reviewed all relevant pleadings and evidence and is fully advised in the premises, and determines that the handwritten settlement agreement constituted a binding contract between the parties reflecting a meeting of the minds regarding the terms for resolving this case. Accordingly, and per the terms of that agreement, the Court GRANTS Plaintiff's Motion for Summary Judgment against Defendant Raad Asmar, with regard to Plaintiff's Count I

1

for piercing the corporate veil; the Court DENIES Plaintiff's Motion for Summary Judgment against Defendant Raad Asmar on all remaining Counts, and dismisses such Counts against him; and the Court DENIES Plaintiff's Motion for Summary Judgment against Defendants Jimmy Asmar and Thikra Asmar, and hereby dismisses with prejudice all Counts against both of those two Defendants. Unless this Order otherwise specifically states, these determinations are made with prejudice and without costs or fees to any party.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court grants Summary Judgment in favor of Plaintiff and against Defendant Raad Asmar on Count I of the Second Amended Complaint, which requested the Court pierce Debtor's corporate veil. Piercing the corporate veil is appropriate, here, solely in favor of Plaintiff and not for any other purpose. Accordingly, Defendant Raad Asmar is personally liable for the legal obligations Debtor owes to Plaintiff in the amount(s) set forth herein.

2. Defendant Raad Asmar is personally liable for and shall pay Plaintiff the sum of $500,000.00. He shall make payment within 180 days of the date of this Order.

3. If Defendant Raad Asmar does not pay the required $500,000.00 within 180 days of the date of this Order, he shall become and thereafter will be liable for, and will be ordered to pay to Plaintiff, the total sum of $3,000,000.00, less any amounts already paid pursuant to this Order.

4. All claims alleged against Defendants Jimmy Asmar and Thikra Asmar in this Adversary Proceeding are hereby dismissed with prejudice and without imposition of any costs.

5.     Plaintiff shall promptly issue all requisite pending groundwater and other permits to Debtor upon completion of the items appearing on Exhibit A to the settlement memorandum, to the extent any such permits remain pending.

6.     Within 60 days of the date of this Order, Plaintiff shall withdraw its proof of claim in the Debtor's Chapter 11 case and shall withdraw its objections to the Debtor's proposed Section 363 sale and Chapter 11 plan.

7.     Defendant Raad Asmar shall not file a voluntary bankruptcy petition during the 180 day period immediately following entry of this Order. If he does, such filing will constitute an act of default under the parties' settlement agreement and will constitute a violation of this Order.  Additionally, a challenge by Defendant Raad Asmar to this Order shall constitute a default under the parties' settlement agreement and a violation of this Order. A default under or violation of this paragraph by Defendant Raad Asmar will trigger payment of $3,000,000.00 as discussed in paragraph 3 above.

8.     All payments made pursuant to this Order are made to resolve all of Plaintiff's claims for enforcement costs, attorney fees, and penalties.

9.     Plaintiff's attorneys' fees incurred in enforcing the Consent Judgment that was the subject of this matter exceed $500,000.00.

10.    This Order resolves all claims that were alleged or that could have been alleged by Plaintiff in this Adversary Proceeding. This Order concludes this case.

.

Signed on June 07, 2017

```
          /s/ Daniel S. Opperman
          Daniel S. Opperman
          United States Bankruptcy Judge
```

11.